IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID D. HOLLMON,

        Plaintiff,

    v.                       CASE NO. 10-3258-SAC

(FNU) REDEKER,
et al.,

        Defendants.

**O R D E R**

This action was filed pro se as a civil complaint pursuant to 42 U.S.C. § 1983 by an inmate of the Norton Correctional Facility, Norton, Kansas (NCF). Mr. Hollmon seeks to challenge a disciplinary proceeding at the NCF in which he was found guilty of undue familiarity. Having examined the materials filed, the court finds that the pleadings are deficient in several respects.

First, the complaint is not upon court-approved forms. D.Kan.Rule 9.1(a) requires that prisoner complaints and petitions be submitted upon court-approved forms.

Second, Mr. Hollmon has not satisfied the filing fee prerequisite. The filing fee for a civil rights complaint is $350.00,[1] while the filing fee for a habeas corpus petition is $5.00. In both types of cases, the litigant is required to either pay the fee or submit a proper motion to proceed without prepayment of fees upon forms approved by the court. See D.Kan.Rule 9.1(g).

---

[1] Hollmon is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Mr. Hollmon has not paid the appropriate filing fee and has not submitted a properly supported motion to proceed without prepayment of fees.

In addition, challenges to prison disciplinary actions that have resulted in the loss of good time[2] are not claims regarding conditions of confinement, and are not properly raised in a civil rights complaint.  Instead, they are in the nature of claims for speedier release that may only be raised in a petition for writ of habeas corpus.  Such claims by a state prisoner in federal court must be presented by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Furthermore, money damages are not properly sought in a habeas corpus petition, since the sole remedy available is immediate or speedier release.[3]

It is also well-settled that exhaustion of all available state court remedies is a prerequisite to filing a § 2241 petition in

---

[2] If the sanctions against the state inmate did not include loss of good time, federal court review of the disciplinary action is generally not available. Mr. Hollmon alleges that his sanctions included loss of good time; however, the opinion of the state district court indicates that this sanction was suspended for 180 days.

[3] An inmate may not seek money damages based upon allegedly unconstitutional disciplinary action unless and until he has actually had the disciplinary action overturned or invalidated by appropriate process. See Heck v. Humphrey, 512 U.S. 477, 487 (1994)(damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Beck v. Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999).

federal court. It is clear from Mr. Hollmon's exhibits that he raised the same claims in the state district court, but has not completed proceedings in that court.[4] Nor has he appealed any adverse decision to the Kansas Court of Appeals and the Kansas Supreme Court. Thus, it is evident from the face of the "complaint" that state court remedies have not been fully and properly exhausted in this case.

For the foregoing reasons, the court finds that this action should be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and is subject to being dismissed for failure to fully exhaust the available state court remedies. Mr. Hollmon's claim for money damages is subject to being dismissed as not properly sought in this habeas corpus action and as premature under Heck. Mr. Hollmon is given time to cure the foregoing deficiencies in his complaint. If he fails to comply with this Order in the time allotted, this action may be dismissed without further notice.

---

[4] Hollmon exhibits a copy of a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 that he filed in the District Court of Norton County, Kansas (Case No. 2010-CV-42) on October 20, 2010 and the orders of that court. In his 1501 petition, he made the same claims as herein. The state court found that Hollmon had exhausted his administrative remedies and timely filed the action. However, the court reasoned that only certain sanctions implicate due process, while others do not, and found that neither the 60 days restrictions nor the 10 days disciplinary segregation implicated due process. The court further found that Mr. Hollmon had not shown that he was actually sanctioned with a loss of earned good time credits, only that "there is a potential for a loss of good time credits." The state court then cited cases holding that "sanctions that are suspended and that ultimately are not imposed do not implicate a liberty interest protected by due process." The court held that Mr. Hollmon's petition was premature, but stayed the case for 180 days, and entered an "order of conditional dismissal." The court explained that if within 180 days Hollmon suffered no actual loss of earned good time credits, "then this case is finally dismissed." However, the court further explained that if Hollmon suffers an actual loss of good time credits within that 180 days the stay is lifted and the case is re-activated. This order was entered on November 2, 2010. The exhibited district court order therefore indicates that Mr. Hollmon could have provided the state district court with his exhibits regarding the withholding of his good time credit.

**IT IS THEREFORE ORDERED** that Mr. Hollmon is granted twenty (20) days in which to either pay the appropriate filing fee or submit a proper motion for leave to proceed without prepayment of fees upon court-provided forms that is supported by the requisite financial information.

**IT IS FURTHER ORDERED** that within the same 20-day period, Mr. Hollmon must show cause why this action should not be construed as a petition for writ of habeas corpus, 28 U.S.C. § 2241, and dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that within the same 20-day period, Mr. Hollmon must submit his petition upon court-provided forms.

The clerk is directed to transmit forms for filing a § 2241 petition and an IFP motion to Mr. Hollman.

**IT IS SO ORDERED.**

DATED: This 24th day of February, 2011, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>